MICHIGAN SURETY CO. v. BAKER.

BILLS AND NOTES—CORPORATIONS—WHERE CASH PAYMENT TREATED
AS LIQUIDATED DAMAGES PURCHASER NOT LIABLE ON NOTE FOR
BALANCE.

> Where a written application for and agreement to pur-
> chase corporate stock provided that in case of failure to
> complete the purchase the cash payment should be treated
> as liquidated damages, the purchaser had a right to elect
> to lose what was paid in and not make further payments,
> and, therefore, a verdict in his favor was properly directed
> in an action on the note given for the balance; no question
> of *bona fide* holder being involved.

Error to Kent; Perkins (Willis B.), J. Submitted
June 12, 1928. (Docket No. 66, Calendar No. 33,683.)
Decided July 24, 1928.

Assumpsit by the Michigan Surety Company against
W. A. Baker and another on a promissory note. Judg-
ment for defendants on a directed verdict. Plain-
tiff brings error. Affirmed.

*Thomas, Shields & Silsbee* (*Clayton F. Jennings*, of
counsel), for appellant.

*Corwin, Norcross & Cook,* for appellees.

SHARPE, J. On December 7, 1920, defendants
signed a written application for and agreement to pur-
chase 20 shares of stock in the Peninsular Casualty
Insurance Company at the price of $125 per share,
payable as follows:

"$25 cash and the balance as follows: $600 bonds
1875 note.
"Upon completion of payment, a stock certificate is
to be issued to me, showing said stock to be fully paid
and nonassessable. The first payment hereon shall

be liquidated damages should I fail to complete the payment as above mentioned."

The note was made payable on or before one year after December 7, 1920. After the usual promise to pay, it contained the following:

"It is hereby understood and agreed that this note is given as part of the purchase price of 20 shares of capital stock in said company, and I shall not countermand my subscription. Furthermore, I do hereby assign all my rights, title and interest in said stock for which my subscription is made, to the treasurer of said company, trustee, as collateral security to this note; should I fail to complete the subscription agreement and default in payment at maturity, I hereby authorize him to sell my shares at public or private sale, and to purchase the same at such sale and apply the proceeds in payment of this note and interest thereon, any balance realized above the amount of this note and interest to be paid at once to me; and the treasurer of the Peninsular Casualty Insurance Company of Grand Rapids and Bay City, Michigan, is hereby irrevocably constituted and appointed my agent and attorney to transfer said stock on the books of said company in the event of default and sale."

The plaintiff by change of name has succeeded to the rights of the Peninsular Casualty Insurance Company. In this action it seeks to recover the amount due upon the note and interest thereon. No question of *bona fide* holder is here involved. It appears from the proofs that the cash payment was not made, nor were the bonds delivered. In lieu thereof defendants delivered to the Casualty Company their note for $625, which it negotiated and which defendants have since paid.

The trial court held that the application and notes must be "treated together as one transaction;" that the provision in the application that "The first payment hereon shall be liquidated damages should I fail to complete the payment as above mentioned" per-

mitted the defendants to decline to make further payments and relieved them from their obligation to pay the $1,875 note, and directed a verdict for the defendants. Plaintiff assigns error on this action. The court was clearly right.

The facts in this case are so nearly similar to those presented in *Molson's Bank* v. *Hoekzema,* 240 Mich. 642, that it is governed thereby. In that case the application contained the following:

"In the event of  *  *  *  failure to complete * * * payments, as above provided, or the notes above mentioned, said cash payments and all my rights to further dividends shall be forfeited and treated as liquidated damages for the nonperformance of this agreement."

This court said:

"Defendant elected under his agreement not to make further payments, but to lose what he had paid in. * * * This would have been an end of the controversy had not the note been transferred."

The other errors assigned have received consideration, but do not merit discussion.

The judgment is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and POTTER, JJ., concurred. MCDONALD, J., did not sit.